IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS RICHARDSON, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:03 cv 869 DRH |
| ) | |
| CHAD JENNINGS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion to Compel filed by the plaintiff, Curtis Richardson, Jr., on October 25, 2004 (Doc. 15), the Motion Requesting the Deposition of Defendant Jennings, filed by the Richardson on January 14, 2005 (Doc. 19), the Motion for Extension of Time to Depose Plaintiff, filed by the defendant, Chad Jennings, on February 14, 2005 (Doc. 21), the Motion for Extension of Time filed by Jennings on March 1, 2005 (Doc. 22), and the Motion for Writ of Habeas Corpus Ad Testificandum filed by Richardson on April 14, 2005 (Doc. 24).  For the reasons set forth below, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, the Motion Requesting Deposition is **DENIED**, the Motion for Extension of Time to Depose Plaintiff is **GRANTED**, the Motion for Extension of Time is **GRANTED**, and the Motion for Writ of Habeas Corpus Ad Testificandum is **DENIED**.

Background

The facts of this case are limited.  The plaintiff, Curtis Richardson, Jr., is an inmate currently housed in a state prison located in Galesburg, Illinois.  The defendant, Chad Jennings, is an employee of the prison.  The plaintiff alleges that on July 4, 2002, the defendant sprayed him with a chemical agent for ten seconds while he was in the shower.  The plaintiff states that this constitutes cruel and unusual punishment in violation of the Eighth Amendment.

The present motions all concern discovery in this matter. The plaintiff first asserts that he served interrogatories and requests for production of documents on June 25, 2004. He argues that the defendant failed to completely answer the discovery requests and further failed to provide requested documents and material. The plaintiff also seeks to take the defendant's deposition and to have the defendant pay for the taking of the deposition. In turn, the defendant seeks to depose the plaintiff and an extension of the dispositive motion filing deadline. Finally, the plaintiff appears to be seeking an immediate trial and/or hearing on the allegations in his complaint.

## Discussion

### Plaintiff's Motion to Compel

#### First set of Interrogatories

The plaintiff served three sets of discovery requests on the defendant: a first set of interrogatories, a request for production of documents, and a second set of interrogatories. Federal Rule of Civil Procedure 33 provides that a party may serve interrogatories on any party not to exceed 25 in number. The plaintiff must seek leave of Court prior to seeking responses to additional interrogatories. A party must respond to interrogatories within 30 days and any objections must be stated with specificity.

With respect to his first set of interrogatories, the plaintiff is not satisfied with the answers to interrogatories 3, 5-11, and 13-21.[1] Each will be considered in turn:

---

[1] The first Exhibit attached to this motion is a list of the interrogatories submitted and written notations that either indicate that the interrogatory was answered, partially answered, or not answered. The Court assumes that the plaintiff is complaining of those interrogatories that were only partially answered or that were not answered at all.

3.  In this interrogatory, the plaintiff asks whether the defendant has used any illicit substances or whether he was a member of any racist organization. The defendant objected on the grounds that the material is irrelevant and inadmissible. This material is irrelevant to the claims made by the plaintiff. There is no allegation in the complaint that race was a motivating factor in this incident nor is there any showing that any alleged consumption, at unspecified times, of steroids, alcohol, or drugs is relevant to the plaintiff's claims. The plaintiff is not entitled to this information.

7.  In this interrogatory, the plaintiff asks a number of questions. Each question has been answered by the defendant.

8.  This interrogatory seeks an admission that the defendant injured the plaintiff and is not a proper request for information. This Court will not require further answers to this interrogatory.

9.  This interrogatory also appears to seek admissions. The defendant has sufficiently answers this interrogatory.

10.  This interrogatory has three parts, how much chemical agent was used, if it was reported, and whether the plaintiff received medical care. The defendant answered that a 1-3 second burst was used and referred the plaintiff to the incident report. This is a sufficient response. The plaintiff is in the best position to know whether he received medical care. In addition, as there was an incident report, it is obvious that the matter was reported.

11.  This interrogatory asks for a medical assessment, whether the plaintiff was unconscious, and also asks the defendant to interpret prison policies and indicate whether he believed he was in compliance. The interrogatory response is sufficient. The defendant is not required to interpret policies for the plaintiff.

13. In this interrogatory, the plaintiff asks whether the defendant reviewed the incident report and if any disciplinary action was taken. The defendant has sufficiently answered this interrogatory.

14.  This is another compound interrogatory in which the plaintiff asks whether he complained to the defendant, whether any medical attention was given, whether the defendant knew of any grievances filed by the plaintiff, and whether the plaintiff expressed "displeasure." The defendant, in response, referred the plaintiff to the incident report, indicated that the health care personnel took care of his needs and that he was not aware of the grievance that was filed. The defendant further states that the plaintiff's expression of displeasure is irrelevant information. This response is adequate.

15. Interrogatory 15 is a compound question also – the plaintiff asks about the incident report and whether the defendant was involved in a similar situation. The response is sufficient. The defendant indicated that he filled out an incident report, that the portion of the report quoted by the plaintiff in this interrogatory is incorrect and that the IDOC has policies in order to prevent an individual from harming himself. The response is sufficient.

16. Plaintiff asks whether the defendant would have done anything differently on the relevant date and asks what the defendant did immediately after the incident. The defendant was under no obligation to answer the first part as the plaintiff was merely seeking some sort of admission; and, the question is otherwise irrelevant. Secondly, the defendant referred the plaintiff to the incident report. This response is sufficient.

17 - 20. These are all requests for an admission which the defendant sufficiently has answered.

21. In this final interrogatory, the plaintiff asks whether the defendant knows Major Cowan or Warden Pulley, whether they spoke to the defendant regarding the incident, whether the plaintiff sent the defendant any mail, and whether the defendant now believes that the did anything improper. The defendant objected to the question regarding mail as irrelevant. The defendant further stated that he knows the Warden and spoke to Major Cowan and that he received no mail from the plaintiff. The defendant was not required to answer the last portion of this interrogatory as it seeks irrelevant information.

The remaining two interrogatories are questions 5 and 6. These questions are mostly duplicative of other interrogatories directed at the defendant. In the answers, the defendant merely refers the plaintiff to the incident report. This is an insufficient answer. While the questions are compound and are most likely answered by the incident report, the defendant is still required to answer the questions to the extent that he did not answer them in other interrogatories. Therefore, in order to streamline this process and avoid duplication, the defendant SHALL answer the following interrogatories:

5. Did you warn the plaintiff prior to using the chemical agent? If yes, then how.

6. Were there any other staff/personnel present during the incident date and time? If yes, state their name and title if known.

### Second set of Interrogatories

The defendants have objected to this second set of interrogatories as it exceeds the amount listed in Rule 33.  In the plaintiff's first set of interrogatories, while only numbering 21, the plaintiff, in fact, sought answers to more than 25 interrogatories, even when discrete subparts are accounted for.  For example, interrogatory 1 (in the first set) asked:

1. The defendant's full name, date of birth, place of birth, and age.
2. Whether the defendant owns a home or has any assets.

Most of the other interrogatories also included more than one question (with discrete subparts).  In total, the plaintiff's first set of interrogatories numbered in excess of 25.  Therefore, the plaintiff should have sought and received permission from this Court prior to serving the interrogatories.

In reviewing the second set of interrogatories, it is clear that the plaintiff merely repeats questions already answered, asks questions that require speculation, and otherwise asks irrelevant questions (i.e. "If you observed plaintiff cutting his wrist hanging himself or ingesting pills would you resort to force/chemical agent to prevent him from hurting himself yes or no please [sic]") Therefore, even if the plaintiff has sought prior permission, this Court will not compel the defendant to respond the these interrogatories.

### Request for Production of Documents

Federal Rule of Civil Procedure 34(a) provides that a party may seek the production of documents that are "in the possession, custody or control of the party upon whom the request is served."  The plaintiff argues that the defendant has failed to provide various policies, codes, guidelines, etc. that he requested.  The defendant is under no obligation to provide to the plaintiff

any documents which he does not possess.  In addition, the defendant is not required to complete legal research (i.e. finding copies of relevant policies and statutes) for the plaintiff.  Second, the plaintiff seeks his own medical reports from the defendant.  It is unlikely that the defendant possesses such reports – in any event, the plaintiff should seek such reports from other entities including the health services department at the prison.  These are the only two types of documents that the plaintiff discusses in his motion.

By way of direction, the plaintiff is instructed to review Federal Rules of Civil Procedure 34(c) and 45.  The plaintiff may seek much of the information that he requests from other persons including the health service department at the jail and the prison law library.

### Motion Requesting the Defendant's Deposition

The plaintiff seeks to depose the defendant and to compel the defendant to bear the cost of the deposition.  There is no Federal Rule of Civil Procedure or United States Code section that automatically grants the plaintiff an entitlement to take such depositions free of charge (or to shift the cost to the defendant).

### Motions for Extension of Time to Depose the Plaintiff and conduct Discovery

The defendant sought until March 11, 2005 to conduct the deposition of the plaintiff.  The defendant further requests additional time to file dispositive motions.  It is clear that the plaintiff will also require additional time to conduct discovery in order to acquire his medical records and to conduct additional legal research regarding IDOC policies.  Therefore, the deadlines established in the Scheduling Order entered on August 13, 2004 (Doc. 10) are **VACATED**.  **The new discovery deadline is June 15, 2005.  The new dispositive motion filing deadline is July 11, 2005.**  The parties are instructed to complete any discovery by this

new deadline as it shall not be extended.

Finally, the plaintiff appears to be seeking a Court order to appear at trial in this matter. As dispositive motions have yet to be filed and a trial has yet to be scheduled, this motion is premature and will not be granted at this time.

For the foregoing reasons, the Motion to Compel filed by the plaintiff, Curtis Richardson, Jr., on October 25, 2004 is **GRANTED IN PART AND DENIED IN PART**(Doc. 15), the Motion Requesting the Deposition of Defendant Jennings, filed by the Richardson on January 14, 2005 is **DENIED** (Doc. 19), the Motion for Extension of Time to Depose Plaintiff, filed by the defendant, Chad Jennings, on February 14, 2005 is **GRANTED** (Doc. 21), the Motion for Extension of Time filed by Jennings on March 1, 2005 is **GRANTED** (Doc. 22), and the Motion for Writ of Habeas Corpus Ad Testificandum filed by Richardson on April 14, 2005 is **DENIED** (Doc. 24).

The defendant **SHALL** respond to the two remaining interrogatories listed above by **May 13, 2005.**  The discovery deadline is **RESET** to **June 15, 2005.**  The dispositive motions deadline is **RESET** to  **July 11, 2005.**

**DATED: April 29, 2005.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**