IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CURTIS RICHARDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-869-DRH |
| | ) | |
| LT JENNINGS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Partial Summary Judgment filed by the Plaintiff, Curtis Richardson, Jr., on May 5, 2005 (Doc. 26) and the Motion for Summary Judgment filed by the Defendant, Chad Jennings, on July 11, 2005 (Doc. 34). For the reasons set forth below, it is **RECOMMENDED** that the Plaintiff's motion for partial summary judgment be **DENIED**, that the Defendant's motion for summary judgment be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The undisputed evidence reveals that the Plaintiff, Curtis Richardson Jr., was an inmate at the Lawrence Correctional Center in the morning of July 4, 2002 when he was sprayed with a chemical agent by the Defendant, Correctional Lieutenant Chad Jennings. At the time of the incident, Richardson was in a segregation shower prior to his placement in the segregation unit of the jail. After the incident, Richardson was treated by medical personnel and placed on suicide watch. Richardson complained to the medical personnel that his eyes and skin were

burning from the time of the incident at noon to at least 6:20 p.m (Pl. Ex. 6).[1]

The disputed evidence is as follows. Jennings claims that he used a 1-3 second burst of spray in order to "prevent Plaintiff from inflicting further harm upon himself" (Chad Jennings Interrogatory Responses at ¶¶10-12). The incident report, prepared by Jennings on July 4, 2003, states that Richardson was banging his head on the shower door (Pl. Ex. 8 p. 1). Jennings warned Richardson that he would use the chemical agent if he did not stop (Pl. Ex. 8 p. 1). Jennings also reports that Richardson did not say anything to him prior to or after the spraying and that he did not observe Richardson having a seizure or fall to the ground (Jennings Inter. Resp. at ¶¶6, 8, 9).

Richardson's recollection of events is rather different. He testified at his deposition, taken on March 16, 2005, that he was being taken to segregation because he had received a "ticket" for intimidation and threats (Curtis Richardson Dep., Def. Ex. 1, at p. 10). At the time, he was taking a prescribed medication, Dilantin, for seizures (Richardson Dep. at pp. 5, 8). Richardson states that he remembers being "put in the shower" and that he then remembers "getting up off the floor" (Richardson Dep. at p. 15). When questioned further, the following exchange occurred:

> Q. Now, you just said that all of a sudden you woke up and you were laying on the floor and your eyes were burning; is that your testimony?
>
> A. My whole body was burning. My whole body was burning.
>
> Q. Do you remember what happened?

---

[1] This exhibit is attached to the Plaintiff's October 20, 2005 (Doc. 44) response to the motion for summary judgment.

> A. From my recollection I went into a seizure.
>
> Q. What happens when you have a seizure?
>
> A. I have grand mal seizures. Basically, I could be walking or driving or whatever and fall down and it – you know.
>
> Q. Okay. Do you remember what happens while you're having your grand mal seizures?
>
> A. No.
>
> Q. You just kind of blank out?
>
> A. Yes.
>
> Q. So you don't know how you got from – where were you the last time you remembered? What ere you doing?
>
> A. I don't know. I just remember being hand– like I say, put in the shower and basically that's it. Like I say , getting up off the floor and Captain Hinton taking me out of the shower and putting me in another shower.
>
> (Richardson Dep. at pp. 14-15).

Later on in the deposition, however, Richardson indicates that he remembered Jennings spraying him before he had his seizure and that he was not banging his head on the wall at the time (Richardson Dep. at pp. 16-17, 33-34, 36). He further stated that he suffered injuries which included losing his sense of taste, red eyes that lasted for a week, a nose bleed that lasted 24 hours, a burning sensation on his body, ears, eyes, and hair that lasted for three days, and a headache that lasted for 10 days (Richardson Dep. at p. 31). At no point during the deposition does Richardson state how long he was sprayed with the chemical agent.

Besides his deposition testimony, Richardson provides no sworn testimony or affidavits. He has attached to his motion for summary judgment, and his response to Jennings' motion,

various medical records which detail how he was treated after he was sprayed. He also has provided a document which shows that he was diagnosed with an organic brain condition and that he suffers from a seizure disorder. Jennings does not dispute that Richardson may suffer from a seizure disorder nor does he dispute the effects of the chemical agent or the resulting medical conditions that Richardson suffered as a result.

## CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated, 105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller, 168

F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

Richardson's only allegation is that Jennings used excessive force when he sprayed him with a chemical agent. The inquiry that must be performed for such a claim is "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Factors to be considered include:

"the need for an application of force, the relationship between that need and the force applied,

the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." DeWalt v. Carter, 224 F.3d 607, 619-620 (7th Cir. 2000). With respect to chemical agents in particular, "it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." Soto v. Dickey, 744 F.2d 1260, 1270 (1984). The Seventh Circuit also has stated that "[r]ecent decisions, however, have emphasized that use of chemical agents such as tear gas and mace by prison officials to subdue individual prisoners, rather than to quell large disturbances, should be more restricted." Stringer v. Rowe, 616 F.2d 993, 998-999 (7th Cir. 1980) (citing Spain v. Procunier, 600 F.2d 189, 196 (9th Cir. 1979) and McCargo v. Mister, 462 F.Supp. 813, 819 (D.Md.1978)).

Jennings argues that no rational jury could find for Richardson because the allegations made in his Complaint contradict his deposition testimony and because his deposition testimony is internally inconsistent.[2] Richardson testified that he was not banging his head at the time he was sprayed and that he was sprayed by Jennings prior to when he had a seizure (Richardson Dep. at pp. 16-18). The inference to be drawn from this testimony is that Jennings sprayed Richardson for no reason. Jennings argues, however, that this testimony is contradicted by prior testimony in which Richardson stated that he didn't remember being sprayed because he had a seizure (Richardson Dep. at pp. 14-15). Jennings further argues that the deposition testimony

---

[2] Richardson's motion for summary judgment will not be considered in detail. If Jennings version of events is credited, it is doubtful that any jury would find that a 1-3 second burst of a chemical agent, used to prevent an inmate from inflicting serious harm upon himself, constitutes excessive force in violation of the Eighth Amendment.

contradicts Richardson's Complaint because, in the Complaint, Richardson alleged that he went into a seizure and that he was repeatedly sprayed for 10 seconds (Complaint at p. 4). Jennings further argues that his statements should be credited – that he sprayed Richardson with a 1-3 second burst in order to stop him from continuing to bang his head on the wall. Thus, Jennings argues that a jury could only find that he used appropriate force based on the circumstances.

      First, Richardson's deposition testimony is not necessarily contradictory. He initially testifies that he only remembers being placed in the segregation shower and the next thing he remembers is getting off the floor. Upon further questioning (and in response to the question "And you don't remember anything else except waking up on the floor with burning?"), however, Richardson stated "Getting off – I remember – recall getting up off – like I say, they put me in a cell. I remember him – I remember – okay. I remember him spraying me" (Richardson Dep. at pp. 16-17). Richardson further stated that he was sprayed prior to having a seizure (Richardson Dep. at p. 17). And, finally, that he was not banging his head (Richardson Dep. at p. 24). The testimony may just be an example of a deponent remembering the specifics of events upon further questioning. As there is no further evidence of why Jennings could have sprayed Richardson, the deposition testimony could lead to the conclusion that Jennings sprayed Richardson for no apparent reason. As such, a jury could find that there was no justification for the use of force.

      Jennings second argument is that Richardson's deposition testimony is different from the allegations made in the Complaint and should thus be partly discredited. Jennings cites to no case authority that suggests that a deposition that contradicts a complaint should be wholly discredited. However, the Seventh Circuit has stated that "[a]s a general proposition, a district

court has the discretion to treat an allegation in a party's pleading as a judicial admission" and that a "judicial admission trumps evidence." Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1014 (7th Cir. 2000); See also Taylor v. Monsanto Company, 150 F.3d 806, 809 (7th Cir. 1998) ("Judicial admissions are concessions in the pleadings that bind the party making them and that withdraw a fact from contention."). Jennings asserts that this Court should credit the following facts: that Richardson was having a seizure prior to being sprayed (as stated in the Complaint) and that he doesn't remember what happens when he has a seizure (as stated in the deposition). Jennings argues that this evidence, coupled with Jennings statements that he sprayed Richardson for 1-3 seconds because he was banging his head on the wall, could only lead a jury to find for him. Thus, Jennings would have the Court ignore evidence that: Richardson remembers being sprayed (deposition), that he was not banging his head (deposition), that he was not having a seizure prior to being sprayed (deposition), and that Jennings sprayed him for 10 seconds (complaint).

  Jennings argument would have this Court pick-and-choose from the evidence that is before it and credit some statements in the Complaint and credit some statements made in the deposition. Jennings argument also would have this Court discredit statements in the Complaint (that Richardson was sprayed for 10 seconds) based on statements made in the deposition (that Richardson does not remember what happens when he has a seizure and therefore could not have known that he was sprayed for 10 seconds). This is the province of a jury. A jury could reasonably find, as Jennings argues, that Richardson had a seizure and therefore does not remember what happened. A jury could also reasonably find that Jennings sprayed Richardson prior to the seizure and that Richardson's remaining testimony in his deposition is creditable.

For these reasons, this Court cannot recommend that summary judgment be granted to either party.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Partial Summary Judgment filed by the Plaintiff, Curtis Richardson, Jr., on May 5, 2005 be **DENIED** (Doc. 26), that the Motion for Summary Judgment filed by the Defendant, Chad Jennings, on July 11, 2005 be **DENIED**  (Doc. 34), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 6, 2006**

                                              **s/ Donald G. Wilkerson**
                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**