IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CURTIS RICHARDSON, JR.,**

**Plaintiff,**

**v.**

**CHAD JENNINGS,**

**Defendant.**                                                              **No. 03-CV-869-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Background

On December 23, 2003 Plaintiff Curtis Richardson, Jr., an inmate, filed a **42 U.S.C. § 1983** action alleging that Defendant, Correctional Lieutenant Chad Jennings ("Defendant") violated his Eighth Amendment rights by spraying him with a chemical agent while he was showering. (Doc. 1.) This matter now comes before the Court on a Report and Recommendation (the "Report") filed by Magistrate Judge Donald G. Wilkerson on March 6, 2006 pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 51.) The Report concerns two motions for summary judgment, one filed by Plaintiff (Doc. 26) and one filed by Defendant (Doc. 34) Judge Wilkerson recommends that both of these motions be denied. (Doc. 51.) Because Defendant timely objects to Judge Wilkerson's denial of his motion for summary judgment (Doc. 52), this Court

undertakes de-novo review of that aspect of the Report.[1] **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

## II. Analysis

### A.   Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**). "Material facts are those which might affect the outcome of the suit. An issue is genuine if a reasonable trier of fact could find in favor of the

---

[1] Neither party has objected to Judge Wilkerson's finding that Plaintiff's motion for summary judgment should be denied. For this reason, and because the ten days provided for by **Local Rule 73.1** of the Local Rules of the Southern District of Illinois have passed, the Court need not conduct de novo review of that aspect of Judge Wilkerson's Report. *See* **28 U.S.C. § 636(b)**; *Thomas v. Arn*, **474 U.S. 140, 149-52 (1985)**. Even if the Court were to review Judge Wilkerson's denial of Plaintiff's motion to dismiss, however, it would still adopt Judge Wilkerson's recommendation that Plaintiff is not entitled to summary judgment. Drawing reasonable inferences in Defendant's favor, there is quite clearly a genuine issue of material fact as to whether Defendant acted maliciously in spraying Plaintiff with a chemical agent. Contrary to Plaintiff's assertions (Doc. 26), that is, Defendant's act of spraying Defendant is not a per-se violation of the Eighth Amendment. *See, e.g.*, **Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984)** (noting that prison officials violate the Eighth Amendment only when they use chemical agents in excessive quantities).

nonmoving party." *Insolia v. Phillip Morris, Inc.*, **216 F.3d 596, 598 (7th Cir. 2000)** (citation omitted). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**). In reviewing a summary judgment motion, the Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**). Even if the facts are not in dispute, summary judgment is inappropriate when the information before a court reveals a good-faith dispute as to inferences to be drawn from those facts. *Plair v. E.J. Brach & Sons, Inc.*, **105 F.3d 343, 346 (7th Cir. 1997)**.

### B.   Excessive Force

When a plaintiff brings an excessive-force claim under the Eighth Amendment, the relevant inquiry is whether prison officials used force "in a good-faith manner to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, **503 U.S. 1, 6-7 (1992)**. In undertaking this inquiry, several factors are relevant to a court's analysis, including "the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." *Fillmore v. Page*, **358 F.3d 496, 504**

**(7th Cir. 2004)** (citing ***DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999)**).

"'Infliction of pain that is totally without penological justification' is *per se* malicious." ***Filmore*, 358 F.3d at 504** (quoting ***Hope v. Pelzer*, 536 U.S. 730, 737 (2002)**). With regard to the use of chemical agents, "it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." ***Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)**. The "use of chemical agents such as tear gas and mace by prison officials to subdue individual prisoners, rather than to quell large disturbances, should be more restricted." ***Stringer v. Rowe*, 616 F.2d 993-999 (7th Cir. 1980)**.

      **C.**      **Defendant's Motion**

Drawing all reasonable inferences in favor of Plaintiff, the Court agrees with Judge Wilkerson and finds a genuine issue here sufficient to defeat Defendant's motion for summary judgment. In this matter, that is, a reasonable jury could find that Defendant was without sufficient penological justification when he sprayed Plaintiff. This conclusion is supported by the record in this case. In Plaintiff's deposition testimony, to begin with, there are several statements that conflict both with Defendant's implication that Plaintiff was having a seizure prior to being sprayed, and with Defendant's argument that he sprayed Plaintiff only after Plaintiff failed to stop banging his head against the wall. (Doc. 34.) With regard to the question of whether he was having a seizure when sprayed, for instance, Plaintiff

stated in his deposition both that he remembers Defendant spraying him — a fact inconsistent with being in the throws of a seizure (*see* Doc.34, Richardson Dep., p, 15) — and also that his seizure occurred after being sprayed. (*Id.*, pp. 16-17.) Further, with regard to the question of whether Defendant sprayed Defendant out of a legitimate concern for his safety, Plaintiff has indicated that he was not banging his head against the wall when he was sprayed by Defendant (*id.*, p. 24), and also that he heard a nearby person saying "he ain't doing nothing, he ain't doing nothing" during the incident (*id.*, p. 17). These statements run counter to Defendant's argument that he sprayed Plaintiff, who he implies was likely having a seizure (Doc. 34), only to prevent him from causing harm to himself.

There is also a question here about the quantity of chemical agent that Defendant sprayed Plaintiff with. Though Defendant maintains that it was a "1-3 second burst," Plaintiff has stated that he was sprayed "repeatedly" for "approximately 10 seconds in his face." (Doc. 1, Compl., p. 4.) This conflict goes directly to two of the five factors the Seventh Circuit mentioned in ***Fillmore***, namely, the amount of force applied, and the effort made to temper the severity of the force used. ***Fillmore*, 358 F.3d at 504**. If Plaintiff's version of the events is believed, a reasonable jury could find that Defendant's force was excessive under the circumstances.

Taken as a whole, then, the Court finds that the record in this case reveals genuine issues of disputed fact as to both the motivation underlying Defendant's conduct and the nature of that conduct. A reasonable jury, in other

words, could find that Defendant's conduct here was excessive given the circumstances, that Defendant sprayed Plaintiff without sufficient motivation to warrant the punishment, or both.  Moreover, while it is true, as Defendant points out, that there are some inconsistencies between Plaintiff's pro-se complaint and his deposition testimony, these inconsistencies do not erase the genuine issues above. Merely because there the record is not perfectly consistent, that is, does not mean that this Court is free to pick and choose from the facts in the complaint and the deposition transcript, crediting facts helpful to Defendant  (e.g., Plaintiff's statement that he cannot recollect what happens when he has a seizure), while discrediting others  (e.g., Plaintiff's statement that he was not beating his head against the wall before Defendant sprayed him).  This Court's duty at the summary-judgment stage, rather, is to survey the entire record — as a whole — to determine whether genuine issues of material fact exist.  **Regensburger, 138 F.3d at 1205**.  After considering that record, the Court finds that genuine factual disputes are present.  Accordingly, the Court declines to grant summary judgment in favor of Defendant.

### III. Conclusion

Therefore, the Court **ADOPTS** Judge Wilkerson's Report (Doc. 51), **DENIES** Plaintiff's motion for summary judgment (Doc. 26) and **DENIES** Defendant's motion for summary judgment (Doc. 34).

**IT IS SO ORDERED.**

Signed this 24th day of March, 2006.

/s/         David   RHerndon
**United States District Judge**