IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS RICHARDSON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHAD JENNINGS, )<br>)<br>Defendant. ) | Case No. 3:03-cv-869-DRH |

**ORDER**

This matter is before the Court on the Motion for Reconsideration filed by the Plaintiff, Curtis Richardson, Jr., on February 27, 2006 (Doc. 47) and the Motion to Amend the Complaint, filed by Richardson on February 27, 2006 (Doc. 48). For the reasons set forth below, the Motion for Reconsideration is **DENIED** and the Motion to Amend is **DENIED**.

**Motion for Reconsideration**

The Plaintiff seeks reconsideration of an Order, filed on January 27, 2006 (Doc. 46), which denied a motion for a subpoena filed on June 20, 2005 (Doc. 31). In that motion for a subpoena, the Plaintiff sought a subpoena, directed at third parties, for the names of various medical personnel, eye witnesses, and internal affairs investigators, for documents that these third parties may have, and for any statements made by the Defendant. In this Court's order, the motion was denied because the discovery request came after the discovery deadline and the Plaintiff offered no excuse for the failure to seek the documents prior to the deadline. In this motion for reconsideration, the Plaintiff asserts that he did not know how to obtain the documents, that he tried to obtain the documents from the Defendant, and that the material is necessary for his claim.

The Federal Rules of Civil Procedure do not technically provide for a motion to

reconsider. Rather, such motions are properly construed as either Rule 59(e) motions to alter or amend judgment, if filed with 10 days of entry of a judgment, or Rule 60(b) motions for relief from judgment, if filed after the 10 day period. See Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001). Thus, this motion is properly construed at a Rule 60(b) motion and the Plaintiff must show either mistake, inadvertence, surprise, excusable neglect, or another reason. The granting or denying of a Rule 60(b) motion is reviewed for an abuse of discretion. Bell v. Eastman Kodak Co., 214 F.3d 798, 800 (7th Cir. 2000).

Attached to the Plaintiff's motion are various discovery requests and answers propounded to the Defendant. None of these documents fulfill the showing required under Rule 60(b). The Court is mindful that the Plaintiff is proceeding *pro se* in this matter. However, the fact that the Plaintiff does not have an attorney, in-and-of-itself, shows neither the excusable neglect or another reason to vacate this Court's previous order. This case was filed on December 23, 2003 and concerns an incident that occurred on July 4, 2002. The Plaintiff had sufficient time to follow the Federal Rules and conduct the discovery that he believed was appropriate. As such, this motion is **DENIED**.

**Motion to Amend**

In this motion, the Plaintiff seeks to amend his complaint to include J. Riedle and Chitwood as a party-Defendants. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora

Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

      While leave to amend is generally freely given, this motion is untimely. In the proposed amended complaint, the Plaintiff alleges that Riedle and Chitwood failed to protect him when Defendant Jennings allegedly sprayed him with mace. In the original complaint, filed on December 23, 2003, there is no mention in the caption or narrative of any events that would implicate Riedle or Chitwood. There also is no mention of Riedle or Chitwood in any of the documents filed by the Plaintiff in this case. The Plaintiff only asserts, in his motion, that these Defendants were unknown at the time of the filing of the complaint. There is no indication why the Plaintiff waited over 2 years after filing the complaint to assert claims against these two Defendants. The discovery deadline has elapsed and motions for summary judgment have been filed and decided. Adding these Defendants and a completely new cause of action at this stage of the proceedings would necessitate an extension of the discovery and dispositive motion filing deadlines and would result in an extended delay of the trial in this matter.

      In addition, allowing the amendment will be futile. The statute of limitations for this 42 U.S.C. §1983 action is two years. See Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir. 2006); 735 ILCS 5/13-202. As the events underlying the complaint occurred on July 4, 2002, this amendment is filed almost 2 years after the limitations period expired. This motion, therefore, is also **DENIED**.

**DATED: April 20, 2006**

                        **s/ Donald G. Wilkerson**
                        **DONALD G. WILKERSON**
                        **United States Magistrate Judge**